IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**STEVEN L. SHORT, #K0112**                                               **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 4:05cv102TSL-AGN**

**WARDEN GREER, et al.**                                           **DEFENDANTS**

## OPINION AND ORDER

This matter is before the court, sua sponte, for consideration of dismissal. On June 13, 2005, the plaintiff, an inmate of the East Mississippi Correctional Facility, Meridian, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 and requested in forma pauperis status. On June 16, 2005, an order was entered directing the plaintiff to sign and return to this court an Acknowledgment of Receipt and Certification (Form PSP-3), if he wished to continue with this lawsuit or a Notice of Voluntary Dismissal (Form PSP-4), if he did not wish to continue with this lawsuit, within thirty days. The Acknowledgment of Receipt and Certification (Form PSP-3), states in part,

> "[I] have read the above statements [provisions of the PLRA], and fully understand that I am obligated to pay the full filing fee, even if I do not have enough money at this time. I have read the above statements, and fully understand that if this lawsuit is dismissed on grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, I may be barred from filing further lawsuits or appeal a judgment of this Court, and I may lose up to 180 days of earned 'good time' credits, if I am confined within the Mississippi Department of Corrections."

Order of June 16, 2005 [document number 3-1], page 5. The plaintiff was warned in the court order of June 16, 2005, that his failure to timely comply with the requirements of the order would be deemed a purposeful delay and contumacious act by the plaintiff and might result in

this case being dismissed, without prejudice, and without further written notice to the plaintiff. The plaintiff failed to comply with the court's order.

On August 12, 2005, the plaintiff was ordered to show cause in writing, within fifteen days, why this case should not be dismissed for his failure to comply with this court's June 16, 2005 order. The plaintiff was warned in the August 12, 2005 order that if he did not comply with the court orders his case would be dismissed without prejudice and without further notice to him. The plaintiff failed to comply with this order.

The plaintiff has failed to comply with the court's orders of June 16, 2005 and August 12, 2005. It is apparent from the plaintiff's failure to communicate with this court that he lacks interest in pursuing this claim.

This court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the court has never considered the merits of plaintiff's claims, the court's order of dismissal should provide that dismissal is without

prejudice.  Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

    A final judgment in accordance with this opinion and order will be entered.

    This the  24th  day of September, 2005.


                                  /s/ Tom S. Lee
                              UNITED STATES DISTRICT JUDGE